UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SHAWANNA DEVILLE, SHAQUILLE FREEMAN, LILJOHN O'NEAL | CIVIL ACTION NO.: _____ |
| VERSUS | JUDGE_____ |
| THE CITY OF VILLE PLATTE, THROUGH ITS VILLE PLATTE POLICE DEPARTMENT, NEAL LARTIGUE IN HIS CAPACITY AS CHIEF OF POLICE, AND UNNAMED POLICEOFFICERS | MAGISTRATE JUDGE_____ |

## COMPLAINT

This is a suit for damages against the **VILLE PLATTE POLICE DEPARTMENT** for its improper use of "investigative holds" against non-charged, non-convicted citizens, in violations of the Plaintiffs' civil and constitutional rights.

1.

**SHAWANNA DEVILLE, SHAQUILLE FREEMAN** and **LILJOHN O'NEAL**, (hereinafter referred to as "Plaintiffs"), are citizens of the State of Louisiana, Evangeline Parish and are of the full age of majority.

2.

Made Defendants herein:

A) **CITY OF VILLE PLATTE, through its VILLE PLATTE POLICE DEPARTMENT** (hereinafter sometimes referred to as VPPD), a political subdivision of the State of Louisiana, whose address is 114 Armand Street, Ville

Platte, Louisiana, which had custody and control of the Plaintiffs at the time of the incident in question at the **VILLE PLATTE POLICE DEPARTMENT** Complex;

B) **NEAL LARTIGUE**, the Chief of Police for the **CITY OF VILLE PLATTE**, whose address is Main Street, Ville Platte, Louisiana 70586;

C) **UNNAMED OFFICERS**, acting in the cause and scope of their employment with the Ville Platte Police Department; are jointly and truly indebted onto petitioners for all damages that are reasonable under the circumstances, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, for the following, to-wit:

3.

On or about July 2014 the Plaintiffs were picked up off of the streets in Ville Platte by the **VILLE PLATTE POLICE DEPARTMENT** and involuntarily taken to the Police Department headquarters.

4.

No Plaintiff was arrested, charged or told why they were being held. At no time were the Plaintiffs the subject of any charges while being held.

5.

Plaintiff, **SHAWANNA DEVILLE**, was placed into a holding cell at the Ville Platte City Jail with several other prisoners, was strip searched without cause and left to spend the night on the floor in said cell.

6.

The other Plaintiffs were held in holding cells for extended amounts of time without cause. All of the Plaintiffs were forbidden to leave or contact relatives.

7.

At no time were Plaintiffs actually suspects, nor were there any warrants issued for their arrests or were there any Court approved orders to detain Plaintiffs.

8.

At times relevant herein, Plaintiffs were told by the police officers not to discuss what happened to them under threat of legal reprisals including the threat of serving jail time. Therefore as Plaintiffs understood their situation at the time they were not allowed to discuss what had happened to them with anyone and as a result took no action until this suit was filed.

9.

Plaintiffs were later questioned by the FBI and representatives of the United States Justice Department (DOJ) who also told Plaintiffs not to discuss their investigation under after the DOJ completed its report of its findings.

10.

Plaintiffs are lacking sophistication and education therefore felt that they were ordered by people cloaked with the authority of law not discuss to the events which happened to them until after the release of the DOJ report on the matter.

11.

Plaintiffs presented no immediate danger to themselves or to anyone else.

## CAUSES OF ACTION

At all times relevant to this suit, all defendants were acting under the color and authority of law.

13.

The Plaintiffs have suffered numerous actual violations of their constitutional rights and/or laws of the United States. This Court has jurisdiction under federal questions of law.

14.

The Defendants, **CITY OF VILLE PLATTE,** through its **VILLE PLATTE POLICE DEPARTMENT** are liable to the Plaintiffs, **SHAWANNA DEVILLE, SHAQUILLE FREEMAN** and **LILJOHN O'NEAL,** under U.S.C. Section 1983 for numerous violations of their constitutional rights and the laws of the United States. Plaintiffs suffered numerous injuries to be listed and detailed in the succeeding paragraphs.

15.

As a direct and proximate result of the injuries inflicted upon them by the deliberate indifference or actions of Defendants, **UNNAMED POLICE OFFICERS,** as described above, Plaintiffs suffered physical pain, humiliation and mental and emotional anguish.

16.

Prior to July 2014, **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT** developed and maintained policies, customs, and practices within Ville Platte, and these municipal policies' general conditions, practices, rules, and/or restrictions caused extreme harm to and resulted in violations of the constitutional rights of Plaintiffs.

17.

It was the policy, custom, and practice of the **VILLE PLATTE POLICE DEPARTMENT** to inadequately supervise and/or train its officers, including the Defendants, **UNNAMED POLICE OFFICERS**, in the handling of the following: Moreover, Defendant, **CHIEF NEAL LARTIGUE**, did not require appropriate in-service training and/or re-training of officers known to have mishandled situations or to have failed to operate the city jail correctly and in accordance within constitutional and/or legal requirements.

18.

The above described policies, customs, and practices demonstrate a reckless disregard for both human life and safety, prevalent among the city's police officers which threatens the life and security of those whom they encounter, and that recklessness is attributable to the instruction, example, or acceptance of or by **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT**. The **UNNAMED POLICE OFFICERS'** actions, at the time they failed to supervise Police Officers, were in conscious disregard of the rights and safety of innocent third parties, and these actions were met with the approval of **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT**. **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT** essentially ignored testimony and evidence that there deprivations of citizens' rights until after Defendants, **UNNAMED POLICE OFFICERS**, failed to take necessary actions, thus affirming the conscious indifference to widespread incompetence or misbehavior.

19.

As a result of the above described policies, customs, and practices, employees of **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT** believed their actions as described above would not be properly investigated and would be tolerated.

20.

The above described policies, customs, and practices demonstrate a deliberate indifference on the part of **CHIEF NEAL LARTIGUE** and the **VILLE PLATTE POLICE DEPARTMENT** to the constitutional rights of persons within the **CITY OF VILLE PLATTE** and were the cause of the violations of Plaintiffs, **SHAWANNA DEVILLE, SHAQUILLE FREEMAN** and **LILJOHN O'NEAL**.

21.

The Defendants, **CHIEF NEAL LARTIGUE, THE UNNAMED POLICE OFFICERS,** and **CITY OF VILLE PLATTE,** through its **POLICE DEPARTMENT**, are all liable for damages jointly and solidarily, which are complained of in this petition, including but not limited to the following:

- a. Failing to use proper police/prisoner techniques in handling the situation with respect to Plaintiffs;
- b. Failing to adopt and/or adhere to proper police procedure, procedures to properly train officers in procedures regarding the supervision, transport, and detention of private citizens;

  c. Failing to adequately supervise, train, or otherwise control the actions of its employees, namely police personnel who administered the jail; and

  d. Any and all other acts of negligence and/or gross negligence and/or intentional acts, to be discovered and presented at the trial on the manner to which were the proximate and sole cause of the injuries described above and subsequent injuries to follow to plaintiffs, **SHAWANNA DEVILLE, SHAQUILLE FREEMAN** and **LILJOHN O'NEAL**.

22.

The Defendant, **CITY OF VILLE PLATTE,** through its **POLICE DEPARTMENT,** through its personnel are liable for the actions or inactions of its personnel in all claims alleged herein.

23.

The Plaintiffs aver they are just three of what will turn out be a numerous class of possibly at 900 possible plaintiffs as identified in the DOJ report on the actions of the defendants. The Plaintiffs are "typical" of this class and can fairly assert and protect the class because they have experience similar breaches of their constitutional rights by the defendant as the other purported complainants.

24.

Plaintiffs aver that all complainants not already in this cause of actions shall have causes of actions which contain similar or common questions of law and fact as they were also improperly detained in violation of their constitutional rights by the defendants in violation of federal law and the Plaintiffs claims will be "typical" of the purported class of plaintiffs.

25.

Plaintiffs show that due to poverty and or want of means, they are unable to pay court costs in advance or as they accrue, and therefore are entitled to proceed in *forma pauperis*.

**WHEREFORE**, Petitioners pray that:

a. Certified copies of this Complaint, together with the citation, be issued and served according to law on the Defendants, **CITY OF VILLE PLATTE, through its VILLE PLATTE POLICE DEPARTMENT, NEAL LARTIGUE IN HIS CAPACITY AS CHIEF OF POLICE OF THE VILLE PLATTE POLICE DEPARTMENT, AND UNNAMED POLICE OFFICERS**; that after all necessary proceedings the Plaintiffs cause of action be certified as a class action under relevant law;

b. After all legal delays and proceedings are had there be a judgment against **CITY OF VILLE PLATTE, through its VILLE PLATTE POLICE DEPARTMENT, NEAL LARTIGUE IN HIS CAPACITY AS CHIEF OF POLICE OF THE VILLE PLATTE POLICE DEPARTMENT, AND UNNAMED POLICE OFFICERS** *jointly and in solidarily* in favor of **CHARLOTTE LEWIS**, in such amounts that are reasonable under the premises, including penalties and attorney's fees, and all other damages prayed for;

c. For all legal interest from the date of judicial demand on all amounts awarded and for all costs of decrees, which may be properly required or proper in the premise and for full, general, and equitable relief.

*Respectfully submitted,*

**FUSILIER & ASSOCIATES, LLC**

**BY:** /s/ *Jacob B. Fusilier*
**JACOB B. FUSILIER (Trial Attorney)**
**ATTORNEY AT LAW**
**BAR ROLL NUMBER 30246**
**305 W. MAGNOLIA STREET**
**POST OFFICE BOX 528**
**VILLE PLATTE, LOUISIANA 70586**
**337-363-6661-TELEPHONE**
**337-363-3226-FAX**